UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA HOEFT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-2615 CKD PS<br><br><br>ORDER |

  Plaintiff is proceeding in this action pro se and in forma pauperis. This action was initially opened as a social security action. Plaintiff has requested that the case be redesignated because she contends that this is a civil rights action. The case will therefore be redesignated.

  The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

/////

1 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2 490 U.S. at 327.

3 In order to avoid dismissal for failure to state a claim a complaint must contain more than
4 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
5 of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
6 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
7 statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim
8 upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
9 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
10 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.
11 at 1949. When considering whether a complaint states a claim upon which relief can be granted,
12 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
13 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
14 U.S. 232, 236 (1974).

15 The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
16 unable to determine whether the current action is frivolous or fails to state a claim for relief. The
17 court has determined that the 131 page complaint does not contain a short and plain statement as
18 required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy,
19 a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones
20 v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at
21 least some degree of particularity overt acts which defendants engaged in that support plaintiff's
22 claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2),
23 the complaint must be dismissed. The court will, however, grant leave to file an amended
24 complaint.

25 If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional
26 grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a).
27 Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation
28 of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

1   The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 11) is granted. The Clerk of Court is directed to change the nature of suit code to a civil rights action and assign a District Judge to this action;

2. The scheduling order (ECF No. 5) is vacated;

3. Plaintiff's complaint is dismissed; and

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: January 5, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 hoeft2615.ifp-lta