1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MONICA HOEFT,                              No.  2:16-cv-02615 CKD (PS)

12              Plaintiff,

13        v.                                    ORDER

14   AL BALLON,

15              Defendant.

16

17          On July 19, 2017, the court held a hearing on defendant Ballon's motion to dismiss this

18   action for failure to state a claim.  (ECF No. 34.)  Plaintiff appeared pro se, and Philip

19   Scarborough appeared for Gregory Broderick on behalf of defendant.  Plaintiff filed an opposition

20   to the motion, and defendant filed a reply.  (ECF Nos. 37 & 38.)  After arguments, the court took

21   the matter under submission.

22   I.  Allegations

23          This action proceeds on the amended complaint filed February 6, 2017.[1]  (ECF No. 16

24   ("FAC")).  In the FAC, plaintiff alleges that defendant Ballon is the manager of the Social

25   Security Administration branch in Stockton, entrusted in his official capacity with "the

26

27   _____

     [1] This case was originally designated a social security action seeking benefits.  After plaintiff
     clarified the issue, it was changed to a civil rights action, and the Commissioner of Social
28   Security was dismissed as a defendant.  (ECF Nos. 11, 12 & 17.)

                                                  1

1    distribution of benefits and services to its payees within its local jurisdiction."  (FAC at 1.)

2    Ballon is the defendant in this action "in his private capacity."  (Id.)

3         In 2012, plaintiff filed for divorce against her husband of 16 years.  The San Joaquin

4    County Superior Court issued a support order of $800 per month, which was mailed to the

5    Stockton field office of the Social Security Administration ("SSA").[2]  There was no response.

6    Later that year, the amount was reduced to $437 per month.  In 2013, plaintiff sent a letter to the

7    SSA enclosing a copy of the order.  A Mr. Monty at the SSA called to inform her that the order

8    would not be honored because it was not directed to the SSA, but to plaintiff's ex-husband.

9    Plaintiff hired a process server who again served the support order on the SSA, but it did not

10   respond.  (FAC at 2-3.)  In 2014, plaintiff sent a letter to Constituent Services in the Offices of

11   Senator Barbara Boxer, asking for help in this matter.  On July 18, 2014, Ballon responded to

12   Boxer's department of Constituent Services and "denied being properly served" and "denied that

13   there ever was a valid Earnings Assignment order."  (FAC at 4.)  Boxer's office forwarded

14   Ballon's letter to plaintiff.  Later that year, plaintiff received another form letter from the SSA,

15   not signed by Ballon.

16        In June 2015, plaintiff learned that her ex-husband had been located in Reno, Nevada.  In

17   November 2015, a SSA branch in Richmond, California informed her that the Earnings

18   Assignment Order would be honored and amounts withheld accordingly.  (FAC at 4.)  Plaintiff

19   asserts that the Stockton SSA should have also honored the order.  She claims defendant "is

20   personally liable" under Bivens[3] for denying her property right to court-ordered support without

21   due process of law and for "arbitrarily refusing to honor the valid Earnings Assignment Order" of

22   the San Joaquin County court.  (Id. at 5.)

23   /////

24   /////

25   ────────────────────

26   [2] Plaintiff stated at the hearing that the support order concerned disability payments to her ex-husband.

27   [3] Under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),

28   individual federal employees may be subject to suit for violating a plaintiff's constitutional rights.

2

II. <u>Rule 12(b)(6)</u>

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, <u>reh'g denied</u>, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249, 256 (1994), quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

III. <u>Discussion</u>

Defendant argues that plaintiff has not stated a claim against defendant because she has not alleged that he personally violated her constitutional rights; all he did was write a letter to Constituent Services in Senator Boxer's office addressing plaintiff's inquiry about the support order.[4] "There is no allegation that Mr. Ballon even rejected plaintiff's garnishment order, much

---

[4] Defendant assumes for the sake of argument that Ballon personally wrote the letter, though all official correspondence from the Stockton office is stamped with his name and someone else

1   less that he did so in an unconstitutional manner." (ECF No. 34-1 at 1.)  Defendant further argues

2   that he is entitled to qualified immunity because plaintiff has not alleged facts showing that he

3   personally violated her rights under "clearly established law."  (Id.)

4        Bivens is the federal analog to suits brought against state officials under 42 U.S.C. § 1983.

5   Ashcroft v. Iqbal, 556 U.S. 662, 676-76 (2009).  "Because vicarious liability is inapplicable to

6   Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through

7   the official's own individual actions, has violated the Constitution."  Id. at 676.  "Only federal

8   officials who actually participate in alleged violations are subject to a Bivens-type suit."  O'Neal

9   v. Eu, 866 F.2d 314 (9th Cir. 1989) (collecting cases).  "A plaintiff must plead more than merely

10  a negligent act by a federal official in order to state a colorable claim under Bivens."  Id.  Under

11  this standard, plaintiff has failed to state a Bivens claim against defendant, and dismissal of this

12  claim is warranted.

13       However, under California law, when a copy of a notice of levy is served on a third party

14  holding the property sought to be levied upon, that "shall suffice as the notice of levy to that

15  person."  Cal. Code Civ. Proc. § 699.545.  Under Cal. Code of Civil Procedure § 706.030(a), a

16  "withholding order for support" may be issued to collect "delinquent amounts payable under a

17  judgment for the support of a child, or spouse or former spouse, of the judgment debtor."  A court

18  may also issue an "earnings assignment order for support" under Cal. Family Code § 5200, et seq.

19  Third parties are required to comply with the terms of such orders.  Thus it is possible plaintiff

20  may be able to assert a state law claim against defendant in his official capacity, insofar as the

21  Stockton field office of the SSA allegedly failed to comply with a court order.  Accordingly,

22  plaintiff will be granted an opportunity to amend the complaint.

23       If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional

24  grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).

25  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation

26  of plaintiff's rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

27

28  likely wrote it.  (ECF No. 24-1 at 3, n.4.)

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Defendant Ballon's motion to dismiss (ECF No. 34) is granted;

2.  Plaintiff's First Amended Complaint (ECF No. 16) is dismissed for failure to state a claim; and

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  July 21, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hoeft2615.mtd

5