UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONICA HOEFT,

    Plaintiff,

v.

AL BALLON,

    Defendant.

No. 2:16-cv-02615 CKD (PS)

ORDER

Following a hearing on July 19, 2017, plaintiff's complaint was dismissed with leave to amend. (ECF No. 41.) Before the court is defendant's motion to dismiss plaintiff's Second Amended Complaint ("SAC"). (ECF No. 43.) Plaintiff has filed an opposition, and defendant has replied. (ECF Nos. 45 & 46.) On September 13, 2017, the motion was submitted without oral argument.[1]

As in her initial complaint, plaintiff claims that defendant Ballon, a Social Security Administration manager in Stockton, California, personally violated her federal due process rights

/////

/////

---

[1] The parties have consented to magistrate judge jurisdiction. ECF Nos. 6 and 14.

1

under <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[2] Plaintiff alleges that Ballon responded to a 2014 letter from Senator Boxer's Department of Constituent Services concerning plaintiff's inquiry into unpaid support. Defendant allegedly "denied having been properly served . . . and denied that there was ever a valid Earnings Assignment Order[.]" (SAC, ¶ 25.) In its July 26, 2017 order dismissing plaintiff's initial complaint with leave to amend, the court explained that plaintiff failed to state a <u>Bivens</u> claim against defendant; the SAC does not cure the pleading defects discussed in that order.

Plaintiff asserts a cause of action under 42 U.S.C. § 659, which governs federal garnishment for purposes of enforcing child support and alimony allegations. Any alleged violation of these provisions does not give rise to a <u>Bivens</u> claim, however, as plaintiff has not alleged intentional conduct amounting to a constitutional tort. Nor do defendant's alleged violations of state law give rise to a <u>Bivens</u> claim. Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. <u>See</u> 28 U.S.C. § 1367.

Because plaintiff has failed to state a cognizable claim after two attempts, and it appears that further leave to amend would be futile, the undersigned will grant defendant's motion and dismiss this action with prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant Ballon's motion to dismiss (ECF No. 43) is granted; and

2. This action is dismissed with prejudice.

Dated: October 3, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hoeft2615.mtd_SAC

---

[2] <u>Bivens</u> is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676-76 (2009). "Because vicarious liability is inapplicable to <u>Bivens</u> and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Id.</u> at 676. "Only federal officials who actually participate in alleged violations are subject to a <u>Bivens</u>-type suit." <u>O'Neal v. Eu</u>, 866 F.2d 314 (9th Cir. 1989) (collecting cases). "A plaintiff must plead more than merely a negligent act by a federal official in order to state a colorable claim under <u>Bivens</u>." <u>Id.</u>