UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA HOEFT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AL BALLON,<br><br>　　　　Defendant. | No. 2:16-cv-02615 CKD (PS)<br><br>AMENDED ORDER |

In light of the Ninth Circuit's July 19, 2018 order of remand, the court issues this amended order. See ECF No. 58 ("A review of the record demonstrates that defendant Ballon, who was substituted as the defendant on February 9, 2017, did not consent to proceed before the magistrate judge."). Defendant Ballon has since filed his consent to magistrate judge jurisdiction, along with a request for entry of judgment. ECF Nos. 59 & 60. As both parties have now consented pursuant to 28 U.S.C. § 636(c) and no further use of judicial resources (i.e., reassigning the case to the district judge and issuing findings and recommendations) appears necessary, the undersigned issues this amended order of judgment, otherwise unchanged from the judgment entered October 3, 2017. See ECF Nos. 49 & 50.

Following a hearing on July 19, 2017, plaintiff's previous complaint was dismissed with leave to amend. (ECF No. 41.) Before the court is defendant's motion to dismiss the Second Amended Complaint ("SAC"). (ECF No. 43.) Plaintiff has filed an opposition, and defendant

1

has replied. (ECF Nos. 45 & 46.) On September 13, 2017, the motion was submitted without oral argument.

As before, plaintiff claims that defendant Ballon, a Social Security Administration manager in Stockton, California, personally violated her federal due process rights under <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[1] Plaintiff alleges that Ballon responded to a 2014 letter from Senator Boxer's Department of Constituent Services concerning plaintiff's inquiry into unpaid support. Defendant allegedly "denied having been properly served . . . and denied that there was ever a valid Earnings Assignment Order[.]" (SAC, ¶ 25.) In its July 26, 2017 order, the court explained why plaintiff failed to state a <u>Bivens</u> claim against defendant, and the SAC does not cure the pleading defects discussed in that order.

Plaintiff asserts a cause of action under 42 U.S.C. § 659, which governs federal garnishment for purposes of enforcing child support and alimony allegations. Any alleged violation of these provisions does not give rise to a <u>Bivens</u> claim, however, as plaintiff has not alleged intentional conduct amounting to a constitutional tort. Nor do defendant's alleged violations of state law give rise to a <u>Bivens</u> claim. Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. <u>See</u> 28 U.S.C. § 1367.

Because plaintiff has failed to state a cognizable claim after multiple attempts and it appears that further leave to amend would be futile, the undersigned will grant defendant's motion and dismiss this action with prejudice.

////

////

////

---

[1] <u>Bivens</u> is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676-76 (2009). "Because vicarious liability is inapplicable to <u>Bivens</u> and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Id.</u> at 676. "Only federal officials who actually participate in alleged violations are subject to a <u>Bivens</u>-type suit." <u>O'Neal v. Eu</u>, 866 F.2d 314 (9th Cir. 1989) (collecting cases). "A plaintiff must plead more than merely a negligent act by a federal official in order to state a colorable claim under <u>Bivens</u>." <u>Id</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant Ballon's motion to dismiss (ECF No. 43) is granted; and
2. This action is dismissed with prejudice.

Dated: September 12, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hoeft2615.mtd_SAC_amended