UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA HOEFT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AL BALLON,<br><br>　　　　Defendant. | No. 2:16-cv-02615 CKD (PS)<br><br><br>ORDER |

This action was dismissed with prejudice on September 12, 2018. (ECF No. 63.) Before the court is plaintiff's January 29, 2020 motion to set aside the judgment. (ECF No. 70.) Defendant has filed an opposition. (ECF No. 73.)

A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263.

Here, plaintiff's motion for reconsideration is untimely, having been filed over one year after the entry of judgment dismissing this action.[1] A motion under Rule 60(b) must be made

---

[1] The docket shows that plaintiff attempted to file motions for reconsideration in September 2019 and January 2020, but these motions were rejected as defective. (ECF Nos. 65, 66, 67, 69.)

1

within a reasonable time and, in any event, no more than one year after the entry of judgment or order being challenged.  See Fed. R. Civ. P. 60(c)(1).

Moreover, even if the motion were timely, plaintiff has not shown that reconsideration of the judgment is warranted.  The court's decision to dismiss this action with prejudice was not clearly erroneous nor manifestly unjust, and none of the other factors apply.  In addition to being untimely, plaintiff's motion lacks merit and will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to set aside the judgment (ECF No. 70) is denied.

Dated:  February 28, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hoeft2615.reconsid2